UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AUDREY KING, et al.,<br><br>　　　　Defendants. | Case No.: 1:18-cv-00091-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 10] |

Plaintiff Archie Cranford is a civil detainee appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed on February 9, 2018.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts Aare not required to indulge unwarranted

1

inferences,@ <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. <u>Iqbal</u>, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1121-23 (9th Cir. 2012); <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, <u>Iqbal</u>, 556 U.S. at 678 (quotation marks omitted); <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. <u>Iqbal</u>, 556 U.S. at 678 (quotation marks omitted); <u>Moss</u>, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff was assaulted by another patient with a bad mental health condition. Defendants did nothing to prevent or stop the assault. Audry King was the director at the time of the incident and it was her job to stop or prevent assaults from taking place. Ms. King failed to perform her job and as a result Plaintiff got knocked out and suffered abrasions to his upper head. In addition, if Brandon Price and Jessica C performed their job, the assault would not have taken place. Both Price and Jessica arrived well after the assault took place, but it was their job to prevent the assault from happening.

## III.

## DISCUSSION

As a civil detainee, Plaintiff's right to personal safety is protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. <u>Youngberg v. Romeo</u>, 457 U.S. 307, 315 (1982). Under this provision of the Constitution, Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." <u>Jones v. Blanas</u>, 393 F.3d 918, 931 (9th Cir. 2004) (quoting <u>Youngberg</u>, 457 U.S. at 321-22). Thus, to avoid liability, Defendants' decisions must be supported by "professional judgment."

Youngberg, 457 U.S. at 323. A defendant fails to use professional judgment when his or her decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [he or she] did not base the decision on such a judgment." Youngberg, 457 U.S. at 323.

As with the previous allegations in the original complaint, Plaintiff has failed to state a cognizable claim for failure to protect. Plaintiff fails to clearly indicate what took place, where it took place or what any named Defendant did or did not do which lead to a violation of Plaintiff's constitutional rights. Thus, Plaintiff does not appropriately allege that any Defendant's conduct fell outside the professional judgment set forth above. Accordingly, Plaintiff's bare and conclusory allegations are not sufficient to state a constitutional violation. See Cranford v. Risley, Case No. 1:15-cv-00949 LJO DLB PC (dismissing case because plaintiff continued to provide insufficient facts to demonstrate that the Defendant acted with deliberate indifference); Cranford v. Prown, Case No. 1:14-cv-00910-AWI-JLT (dismissing case because despite advisement by the Court and leave to amend Plaintiff failed to set forth sufficient factual allegations to demonstrate that Defendant acted with deliberate indifference).

## IV.

## CONCLUSION AND RECOMMENDATIONS

Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical to the original complaint. In both his original and first amended complaints, Plaintiff has failed to set forth sufficient allegations to demonstrate that any Defendant violated his constitutional rights. Accordingly, the Court finds that further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

///

///

3

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The complaint be dismissed for failure to state a cognizable claim for relief; and
2. The Clerk of Court be directed to terminate this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 13, 2018**

UNITED STATES MAGISTRATE JUDGE